IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

<table>
<tr><td>IN RE: REBECCA L. HORVATH<br><br><br><u>DEBTOR</u><br><br>REBECCA L. HORVATH<br>3479 East Tuscarawas Ext.<br>Barberton, Ohio 44203<br><br>Plaintiff,<br><br>-vs-<br><br>PHH/NEW RES MORTGAGE<br>c/o Registered Agent<br>Corporation Service Company<br>1160 Dublin Road, Suite 400<br>Columbus, OH 43215<br><br>-and-<br><br>INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>Philadelphia, PA 19101<br><br>-and-<br><br>OHIO DEPARTMENT OF TAXATION<br>c/o Ohio Attorney General<br>30 East Broad Street, 14th Floor<br>Columbus, OH 43215<br><br>-and-<br><br>THE HUNTINGTON NATIONAL BANK<br>Attn: Officer<br>17 S High Street<br>Columbus, OH 43215<br><br>-and-</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No. 25-51511<br><br>Chapter 13<br><br>JUDGE ALAN M KOSCHIK<br><br><br><br><br><br><br>Adversary Case No.</td></tr>
</table>

CROWN ASSET MANAGEMENT, LLC )
c/o Registered Agent )
4400 Easton Commons Way, Suite 125 )
Columbus, OH 43219 )
)
-and- )
)
TIMOTHY HORVATH )
2058 Como Street )
Port Charlotte, FL 33948 )
)
Defendants )

**COMPLAINT TO DETERMINE VALIDITY, PRIORITY AND AMOUNT OF LIENS, CLAIMS AND INTERESTS (Real Property located at 430-432 Morgan Street, Barberton, Ohio 44203, permanent parcel No. 01-08703**

The Plaintiff, Rebecca L. Horvath (the "Plaintiff" or "Debtor"), respectfully represents to the Court as follows:

1. This adversary proceeding relates to and arises in the Chapter 13 case of Rebecca L. Horvath, Case No. 25-51511 pending in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division;
2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and the General Order No. 2012-7 entered in this Division on April 4, 2012 and the claims set forth herein are core proceedings within the meaning of the United States Bankruptcy Code.
3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).
4. On September 2, 2025, the Debtor filed a petition in the United States Bankruptcy Court for the Northern District of Ohio seeking relief under chapter 13 of the United States Code (the "Bankruptcy Code").

5. At the time of the commencement of the bankruptcy case, the Debtor was the title owner of, or had an ownership interest, in real property located at 430-432 Morgan Street, Barberton, Ohio, which is more fully described as follows:

> Situated in the County of Summit in the State of Ohio and in the City of Barberton:
> Known as all of Lot #87 in the Barberton Gardens Allotment, as recorded in Plat Book 41, Pages 36 and 36, Summit County Records of Plats, excepting there from the East 9 feet, front and rear.
>
> Permanent Parcel No. 01-08703 (the "Real Property").

6. That the interest of the Debtor in the real Estate is property of the bankruptcy estate pursuant to §541 of the Unted States Bankruptcy Code.

7. That the Debtor has the right to use, sell, or lease such property pursuant to §§ 363 and 1303 of the United States Bankruptcy Code.

8. That the Debtor may sell the Real Estate free and clear of any interest in such property of an entity other than the estate.

9. That it is in the best interest of the bankruptcy estate for the Real Estate to be sold for the best price obtainable, free and clear, or subject to all liens and encumbrances.

**<u>Determination of Validity, Priority and Amount of Liens, Claims and Interests</u>**

10. All of the Defendants named in the caption of this complaint may have or claim to have a lien, claim, or other interest in the Real Property or the proceeds of any sale thereof.

11. It is necessary to determine the rights, claims and interests, if any, of all of the Defendants with respect to the Real Property in order to fully and properly administer the Plaintiff's case under title 11 of the U.S. Code.

12. Each of the Defendants should be required to assert whatever interests they have or may profess to have in and to the Real Property or the proceeds thereof by timely answering this complaint, or be forever barred from asserting any lien, claim or other interest in and to such Real Property or the proceeds thereof.

**WHEREFORE**, the Plaintiff, Rebecca L. Horvath demands a judgment in her favor, as follows:

A. With respect to the Real Property described above, that each of the Defendants named in the caption of this complaint, timely and by written answer to the complaint, assert the respective liens, claims or other interests they may have, or profess to have, in and to the Real Property or the proceeds of thereof. Further, that at the time of trial, in the event that any of the Defendants file a timely answer, Plaintiff requests that this Court determine the validity, priority and amount of any such liens, claims or other interests of such Defendants and their entitlement, if any, to the proceeds of any sale of the Real Property.

B. For such other and further relief as may be just and equitable.

Respectfully submitted,

**RODERICK LINTON BELFANCE, LLP**

/s/ *Steven J. Heimberger*
STEVEN J. HEIMBERGER (0084618)
50 S. Main Street, 10th Floor
Akron, Ohio 44308
Phone (330) 434-3000
Fax (330) 434-9220
sheimberger@rlbllp.com
*Attorney for Plaintiff, Rebecca L. Horvath*